```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
CAMERON INDUSTRIES, INC.,           :
                    Plaintiff,      :    06 Civ. 1999 (BSJ)(HBP)
     -against-                      :    OPINION AND
                                         ORDER
MOTHERS WORK, INC, a/k/a            :
MOTHERHOOD MATERNITY,
                                    :
                    Defendant.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

       Defendant moves for an Order pursuant to Fed.R.Civ.P. 30(d)(3) and 28 U.S.C. § 1927 imposing sanctions on plaintiff's counsel for misconduct at the depositions of Constanza Waldman and Soheil Khayyam. The allegedly improper conduct took the form of "speaking" objections, baseless instructions not to answer, coaching and improper questioning in the middle of defendant's examination of the witnesses.

       For the reasons set forth below, the motion is denied.

III. Facts

       This is a copyright action in which plaintiff alleges that defendant is infringing one of plaintiff's copyrighted fabric patterns.

The present motion arises out of two Rule 30(b)(6) depositions conducted by defendant. Shortly after the commencement of the deposition of Constanza Waldman, defendant's counsel asked several questions concerning other litigations in which plaintiff had been a party and the following colloquy ensued:

> Q.   Has Cameron Industries ever been involved in any other litigation?
>
> A.   Not to my knowledge.
>
> MR. SCHLACTER: We are involved in another one right now.
>
> THE WITNESS: Right now, yes.
>
> MS. DUVDEVANI: Please do not do that.
>
> MR. SCHLACTER: She clearly didn't remember what we are involved in now.
>
> MS. DUVDEVANI: I am deposing her, not you.
>
> MR. SCHLACTER: Then you are doing a marvelous job. You want to change that answer?
>
> THE WITNESS: Yes, I would like to. I thought you were asking previous. Right now, yes, we are suing another manufacturer for using our prints.

(Transcript of the Deposition of Constanza Waldman, conducted on April 10, 2007 ("Waldman Dep."), at 16-17, annexed as Exhibit C to the Declaration of Tamar Y. Duvdevani, Esq., dated May 1, 2007 ("Duvdevani Decl.")).

A dispute over semantics erupted a few pages later when defendant's counsel inquired about what business plaintiff had done with defendant.

2

> Q. Other than pattern 22972, were there any other times that you have done business with Mothers Work?
>
> MR. SCHLACTER: How do you define "doing business"?
>
> MS. DUVDEVANI: You need to stop doing this.
>
> MR. SCHLACTER: I can ask you to clarify the question.
>
> MS. DUVDEVANI: She can ask me to clarify.
>
> MR. SCHLACTER: I can ask you. "Doing business," does that mean showing them samples, giving them swatches or doing business by shipping them bulk quantity?
>
> Q. Do you understand my question?
>
> A. I don't have the answer. Does it mean selling them goods or showing them my designs?
>
> Q. Either one.
>
> A. I showed them my designs. The beginning was in the first meeting, June, 2005. That was the first time I met with them.
>
> MR. SCHLACTER: So the answer to the question was "yes" then.
>
> A. Can you repeat the question please?
>
> MR. SCHLACTER: The question was prior to the invoice reflected on 22972, had you ever done business with them?
>
> THE WITNESS: Yes.
>
> MS. DUVDEVANI: That was not the question. It wasn't prior to, it was other than.
>
> MR. SCHLACTER: Sorry.

(Waldman Dep. at 18-20).

A few moments later, defendant's counsel attempted to have the witness identify the topics in the 30(b)(6) notice that

3

she was prepared to testify about, and, apparently dissatisfied with the questions posed by defendant's counsel, plaintiff's counsel simply took over the questioning:

> Q. If you could take a look through the document and look at the items that are numbered. Can you tell me if you are prepared to testify about those numbered paragraphs, the topics that are listed?
>
> A. The registration number, where did that number come from? I need to see something that refers back to it so I know we are talking about the same thing, the pattern number.
>
> MR. SCHLACTER: You want me to show her that?
>
> MS. DUVDEVANI: Not yet.
>
> MR. SCHLACTER: You want her to go through Exhibit A and do that?
>
> MS. DUVDEVANI: Can you read back the question.
>
> (Question read.)
>
> MR. SCHLACTER: You want her to identify which of those numbers she has information about?
>
> MS DUVDEVANI: I want her to answer the question that I asked.
>
> MR. SCHLACTER: Is that a yes or a no?
>
> (Witness reviewed document.)
>
> MR. SCHLACTER: I will take it that your failure to answer me is that you would like her to testify as to which numbers she has information about.
>
> Why don't you go through this and as you are going through it tell her which numbers you have information about.
>
> Start with number 1.

4

A.   Yes.  Number 1, yes.  The registration, I don't have anything that says that's the registration number.

MR. SCHLACTER:  She will have to show you that.

Number 3?

THE WITNESS:  3, yes.

MR. SCHLACTER:  Number 4?

THE WITNESS:  Yes.

MR. SCHLACTER:  Number 5?

THE WITNESS:  Yes.

MR. SCHLACTER:  Number 6?

THE WITNESS:  Yes.

MR. SCHLACTER:  Number 7?

THE WITNESS:  Yes.

MR. SCHLACTER:  Number 8?

THE WITNESS:  Yes.

MR. SCHLACTER:  Number 9?

THE WITNESS:  Yes.

MR. SCHLACTER:  Number 10?

THE WITNESS:  Yes.

MR. SCHLACTER:  Number 11?

THE WITNESS:  Yes.

MR SCHLACTER:  You can go through the rest of them. Identify anything that you are not able to testify to.

(Witness reviewed document.)

THE WITNESS:  14.

> MR. SCHLACTER: You don't know?
>
> THE WITNESS: I don't understand what that is.
>
> MR. SCHLACTER: Okay.
>
> MS. DUVDEVANI: Jed, this is my deposition.
>
> MR. SCHLACTER: She said 14 she doesn't understand.
>
> MS. DUVDEVANI: You are asking her questions and you are coaching her.
>
> MR. SCHLACTER: I am not coaching her at all. I asked he to identify the balance of these items that she doesn't have information on.
>
> MS. DUVDEVANI: It's not your job today to ask Mrs. Waldman questions. It's mine.
>
> MR. SCHLACTER: You are not asking the questions appropriately so she can give an answer. You are going to have an improper deposition.
>
> MS. DUVDEVANI: Don't worry about my deposition. I kept my mouth shut the whole time you deposed my witness and I expect the same courtesy.
>
> MR. SCHLACTER: That doesn't mean you know what you are doing here.
>
> MS. DUVDEVANI: That's nice.

(Waldman Dep. 22-26).

At subsequent points in the deposition, plaintiff's counsel gratuitously supplemented the witnesses testimony and even went so far as to contradict the testimony given by his own witness.

> Q. Looking at Exhibit 2, I see at the bottom it says "Cameron Ind. C" in a circle "2005 PATT number 22797," correct?
>
> A. Yes.

6

Q.  Does this always appear on every fabric you ship out?

A.  Yes.

MR. SCHLACTER:  That's on the selvage of the fabric. The card she is talking about is in addition to what is on the selvage.  There's a separate card that is stapled.

Do you understand?

MS. DUVDEVANI:  I want her to testify even if you are trying to help.

MR. SCHLACTER:  If you want a sample of the card you can ask us.

           *      *      *

Q.  Do you know what this document is?

A.  Yes.

Q.  What is it?

A.  Let me see.  This is an order for pattern 22797.

MR. SCHLACTER:  It's not an order.

A.  A PO.

MR. SCHLACTER:  It's not a PO.

This is not the witness to testify to this document.

A.  I don't do financial.

MS. DUVDEVANI:  You are still not testifying.

MR. SCHLACTER:  It says on the face of it it's an invoice.  Obviously it's not an order, it's an invoice. This is not the witness who is here for that document.

THE WITNESS:  I don't do financial.

(Waldman Dep. 65, 66-67).

7

Similar conduct occurred during the deposition of plaintiff's second 30(b)(6) witness, Soheil Khayyam. When defendant's attorney was asked about prior litigation in which the plaintiff or the witness had been a party, plaintiff's counsel forbade the witness from answering the question.

> Q. That partner left Cameron Industries?
>
> A. He retired.
>
> Q. Who initiated that action?
>
> A. He did.
>
> MR. SCHLACTER: I would object. If you want to know how many times he has been deposed you can certainly ask that. I don't think the specifics of the case are relevant.
>
> MS. DUVDEVANI: We agreed to federal stips. We object to form, not to the relevance.
>
> MR. SCHLACTER: I will still object to that unless you want to tell me what the relevance is.
>
> MS. DUVDEVANI: I don't need to tell you the relevance. You can object to form.
>
> MR. SCHLACTER: I will direct him not to answer.
>
> MS. DUVDEVANI: You are going to direct him not to answer regarding relevancy?
>
> MR. SCHLACTER: I will direct him not to answer as to the nature or the specifics of a lawsuit. You can ask him about the nature of the lawsuit but as to the specifics, unless it has some relevance to this particular litigation, I will direct him not to answer. That particular lawsuit that he has testified to clearly has no relevance to any of the issues in this lawsuit.
>
> MS. DUVDEVANI: You are directing him not to answer based on relevance?

8

>     MR. SCHLACTER: Depending on what your questions are.
>
>     MS. DUVDEVANI: What was my question?
>
>     (Question read.)
>
>     Q.   Were you a defendant in that action?
>
>     MR. SCHLACTER: Objection. I direct him not to answer.

(Transcript of the Deposition of Soheil Khayyam, conducted on April 10, 2007 ("Khayyam Dep."), at 5-6, annexed as Exhibit D to the Duvdevani Decl.).

At subsequent points in the Khayyam deposition, plaintiff's counsel also made objections that suggested answers (Khayyam Dep. at 11-12) and again directed the witness not to answer on relevance grounds (Khayyam Dep. at 18-19).

III. <u>Analysis</u>

The standards of conduct applicable to depositions are simple and well settled. With two minor exceptions not relevant here, the examination of a witness at a deposition is to be conducted in the same manner in which a witness is questioned at trial. Fed.R.Civ.P.30(c). Even in the absence of the so-called "standard stips," all objections to the admissibility of the testimony elicited are preserved except objections "which might be obviated, removed, or cured if promptly presented." Fed.R.Civ.P. 32(b), (d)(3)(B).

>     Rule 32(b) must be read in connection with
>     Rule 32(d)(3), dealing with objections as to the taking

>of a deposition. Taken together these provisions make it clear that if the matter sought is within the scope of discovery, objection to its admissibility as evidence should be made at trial or hearing when the deposition is offered in evidence and not at the taking of the deposition, unless the ground of the objection is one that might have been obviated or removed if made when the deposition was being taken.

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2152, at 194-95 (2d ed. 1994); accord Rosary-Take One Prod. Co. Ltd. P'ship v. New Line Distrib., Inc., 89 Civ. 1905 (CSH), 1996 WL 79328 at *1 (S.D.N.Y. Feb. 23, 1996). If an objection is made, it "must be stated concisely and in a non-argumentative and non-suggestive manner." Fed.R.Civ.P. 30(d)(1). Instructions not to answer are appropriate "only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Fed.R.Civ.P. 30(d)(1). As a leading practice treatise notes, "Speeches, repeated demands for explanations of relevancy, and ad hominem attacks by opposing counsel are presumptively improper and often will lead to sanctions or to an order requiring the deposition to be continued under the supervision of the court." 2 Michael C. Silberberg & Edward M. Spiro, Civil Practice in the Southern District of New York § 18.8, at 18-17 to 18-18 (2d ed. 2006) (footnotes omitted).

If an attorney concludes that a deposition "is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass or oppress," application can be made to the

10

court for relief. Fed.R.Civ.P. 30(d)(4). In order to ensure that this remedy will provide relief in an effective and practical manner, I invited counsel in this case, as I do in all cases in which I supervise discovery, to call my chambers for a ruling if they have a dispute at a deposition that they cannot resolve.

As any practitioner unfortunately knows, adherence to the foregoing rules rarely occurs.[1]

The conduct of plaintiff's counsel here was plainly inconsistent with the foregoing rules. The excerpts quoted above demonstrate that plaintiff's counsel volunteered information to the witness, made unnecessary, unjustified and unprofessional remarks concerning defendant's counsel, made unnecessary and suggestive speaking objections, improperly posed his own questions during defendant's direct examination instead of conducting cross-examination, contradicted the witness's testimony and issued instructions to the witness not to answer questions on the grounds of irrelevance. Plaintiff's counsel claims in his opposition to defendant's motion that his interruptions were necessary to insure an accurate record. This

---

[1] In an effort to curb aggressive and improper conduct at depositions, the state courts of New York recently adopted rules that expressly prohibit the more common types of misconduct that occur at depositions. See Robert S. Kelner & Gail S. Kelner, Trial Practice: New Rules on Conducting Depositions, N.Y.L.J., Sept. 19, 2006, at 3.

11

response, however, overlooks what should be obvious. The Federal Rules of Civil Procedure provide two mechanisms to correct or clarify deposition testimony, namely cross-examination and through submission to the witness for review. Fed.R.Civ.P. 30(e). Since the Rules establish the procedures to be used to clarify or correct testimony, neither counsel nor the court are simply not free to ignore them and create new procedures based on personal preference.

Although plaintiff's counsel's conduct was improper and unbecoming, it does not, however, follow that an award of sanctions is appropriate. Under 28 U.S.C. § 1927, an award of sanctions is appropriate when the offending attorney "essentially destroys a deposition through excessive groundless objections or lengthy personal attacks on his or her adversary." Am. Fun & Toy Creators, Inc. v. Gemmy Indus., Inc., 96 Civ. 799 (AGS)(JCF), 1997 WL 482518 at *8 (S.D.N.Y. Aug. 21, 1997); accord Sicurelli v. Jeneric/Pentron, Inc., 03 CV 4934 (SLT)(KAM), 2005 WL 3591701 at *3 (E.D.N.Y. Dec. 30, 2005), report & recommendation adopted by, 2006 WL 681212 (E.D.N.Y. Mar. 14, 2006); Morales v. Zondo, Inc., 204 F.R.D. 50, 54 (S.D.N.Y. 2001). Fed.R.Civ.P. 30(d)(3) provides that an award of sanctions is appropriate "[i]f the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent."

I have reviewed the transcripts of the Waldman and Khayyam depositions in their entirety. Although some of the conduct of plaintiff's counsel is indefensible, his conduct cannot accurately be described as destroying either deposition or as frustrating the fair examination of the deponents. Neither witness was prevented from answering any relevant or material questions, and there are substantial passages in both depositions where testimony was elicited without any inappropriate interruption from plaintiff's counsel (e.g. Waldman Dep. at 10-15, 31-38, 43-50, 51-59; Khayyam Dep. at 14-18, 19-40). Since the case law interpreting Section 1927 and the language of Rule 30(d)(3) itself appear to require that there be a material impairment of the deposition before sanctions can be imposed, the absence of any such injury here precludes the imposition of sanctions.

IV. Conclusion

Accordingly, for all the foregoing reasons, defendant's motion for an award of sanctions pursuant to 28 U.S.C. § 1927 and

Fed.R.Civ.P. 30(d)(3) based on the conduct of plaintiff's counsel at the Waldman and Khayyam depositions is denied in all respects.

Dated:  New York, New York
        June 6, 2007

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Jed R. Schlacter, Esq.
Schlacter & Associates
450 Seventh Avenue
New York, New York  10123

Tamar Y. Duvdevani, Esq.
Nixon Peabody LLP
437 Madison Avenue
New York, New York  10022