SCHLACTER & ASSOCIATES
Attorneys for Plaintiff
450 Seventh Avenue
New York, New York 10123
(212) 695-2000
By: JED R. SCHLACTER (JRS-4874)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

CAMERON INDUSTRIES, INC., : 06 Civ. 1999 (Jones)

                Plaintiff, : ECF Case

-against- :

:

MOTHERS WORK, INC. a/k/a
MOTHERHOOD MATERNITY, :

                Defendant. :

------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND IN SUPPORT OF CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT OF LIABILITY

                                            Respectfully submitted,

                                            SCHLACTER & ASSOCIATES
                                            Attorneys for Plaintiff
                                            450 Seventh Avenue
                                            New York, New York 10123
                                            (212) 695-2000

Of Counsel:

      JED R. SCHLACTER

# TABLE OF CONTENTS

|  | Page |
|---|---|
| **TABLE OF CONTENTS** | i |
| **TABLE OF CASES AND AUTHORITIES** | ii |
| **INTRODUCTION** | 1 |
| **STATEMENT OF FACTS:** | 2 |
|     THE PARTIES | 2 |
|     PLAINTIFF'S COPYRIGHTED WORK | 2 |
|     THE DEFENDANT'S INFRINGEMENT | 3 |
| **ARGUMENTS:** | |
|     **POINT I:** The Plaintiff Is The Owner Of A Valid Copyright | 4 |
|     **POINT II:** Defendant Has Infringed Plaintiff's Copyright | 5 |
|         Substantial Similarity | 6 |
|         The Ordinary Observer v. The More Discerning Ordinary Observer | 8 |
|         Total Concept and Feel | 11 |
|     **POINT III:** "Evidence" of Independent Creation Is Not Credible | 15 |
| **CONCLUSION** | 17 |

# TABLE OF CASES AND AUTHORITIES

|  | Page(s) |
|---|---|
| *Arrow Novelty Co. v. Enco National Corp.*, 393 F. Supp. 157 (S.D.N.Y. 1975) *aff'd* 515 F. 2nd 504 (2nd Cir. 1975) | 5 |
| *Boisson v. Banian, Ltd.*, 273 F. 3d 262 (2d Cir. 2001) | 10 |
| *Folio Impressions, Inc. v. Byer California*, 937 F. 2d 759 (2d Cir. 1991) | 8 |
| *Hamil America, Inc. v. GFI*, 193 F. 3d 92 (2nd Cir. 1999) | 4, 5, 7, 9, 11, 15, 17 |
| *Just In Materials Designs, Ltd. v. Arise Textiles, Inc.*, 1980 WL 1138 (S.D.N.Y. 1980) | 12 |
| *Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc.*, 602 F. Supp. 151 (S.D.N.Y. 1984) | 15 |
| *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F. 3d 996 (2d Cir. 1995) | 7, 10, 11, 13 |
| *Lipton v. The Nature Company*, 71 F.3d 464 (2nd Cir. 1995) | 4, 5 |
| *Malden Mills, Inc. v. Regency Mills, Inc.*, 626 F.2d 1112 (2d Cir. 1980) | 7 |
| *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090 (2d Cir. 1977) | 4, 7, 13 |
| *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487 489 (2d Cir. 1960) | 6, 11, 12 |
| *Pret-A-Printee, Ltd. v. Allton Knitting Mills, Inc.*, 1982 WL 1788 (S.D.N.Y. 1983) | 16 |
| *Repp & K & R Music, Inc. v. Webber*, 132 F. 3d 882 (2nd Cir. 1997) | 5 |
| *Well-Made Toy Mfg. Corp. v. Goffa International Corp.*, 210 F.Supp. 2d 147 (E.D.N.Y. 2002), aff'd 354 F. 3d 112 (2d Cir. 2003) | 14 |

## MISCELLANEOUS

| | |
|---|---|
| 17 United States Code Sec. 410(c) | 4 |

CAMERON INDUSTRIES, INC.,  : 06 Civ. 1999 (Jones)

                Plaintiff, : ECF Case

-against- :

:

MOTHERS WORK, INC. a/k/a
MOTHERHOOD MATERNITY, :

                Defendant. :

------------------------------------------------------------X


# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND IN SUPPORT OF CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT OF LIABILITY

## INTRODUCTION

This is an action for copyright infringement of plaintiff's copyrighted fabric design known as Pattern No. 22797. The indisputable facts disclose that the defendant had received a sample of the plaintiff's design prior to defendant's production of the infringing garments, and the design that appears on the defendant's garments is substantially similar to the plaintiff's design. It is therefore submitted that defendant's motion seeking summary judgment dismissing this case should be denied, and the plaintiff's cross-motion seeking partial summary judgment of liability against the defendant for copyright infringement should be granted. Copies of the Complaint and the defendant's Answer in this litigation are annexed to the accompanying affidavits as Exhibit 17.

## STATEMENT OF FACTS

## THE PARTIES:

Plaintiff, CAMERON INDUSTRIES, INC. (hereinafter referred to as "Cameron") is a domestic corporation duly organized and existing under the laws of the State of New York, with an office located at 1375 Broadway, New York, NY 10018. Plaintiff is a textile converter, selling finished textile piece goods to, among others, garment manufacturers.

Defendant, Mothers Work, Inc. is a retail chain of stores that sells apparel.

## PLAINTIFF'S COPYRIGHTED WORK

The plaintiff is the owner of the copyright to a fabric design involved in this case, identified as Plaintiff's Pattern Number 22797. Said Pattern has been registered with the United States Copyright Office, and the plaintiff has received Certificate of Copyright Registration No. VA 1-339-483 (Exhibit 1 to our papers).

Said fabric design is an original work. The plaintiff purchased artwork from a studio called Form Studio s.r.l., and received an assignment of all rights to the design (Exhibit 2).

## THE DEFENDANT'S INFRINGEMENT

As detailed in the accompanying Affidavit of Constanza Waldman, the Vice-President for Merchandising and Design of the plaintiff, in June 2005 she visited the offices of the defendant in Philadelphia, Pennsylvania, and brought with her dozens of samples of Cameron's designs, including Pattern No. 22797. The very next day, the defendant telephoned Mrs. Waldman and requested that she send to defendant a 5 yard sample of Pattern No. 22797 in a navy-white combination, as quickly as possible. Pursuant to defendant's request, Mrs. Waldman Federal Expressed a 5 yard sample of Pattern No. 22797 to the defendant on June 29, 2005.

Mrs. Waldman's Affidavit also recounts another meeting that she had in New York, on July 20, 2005, with the defendant's head designer, Olivia Capone, at which time prices were discussed, among other things, relating to Pattern No. 22797.

However, notwithstanding the defendant's receipt of a sample of plaintiff's Pattern No. 22797 and discussions of price, the defendant did not buy bulk yards of said pattern from the plaintiff. Yet in early 2006 the plaintiff learned that the defendant had in fact bought an infringing copy of plaintiff's design from a different textile converter, and the defendant had begun selling it in garments in January 2006. This lawsuit ensued.

It is respectfully submitted that the indisputable evidence in this case is that (a) the defendant had access to plaintiff's design – indeed, possession of it by virtue of having received it directly

from plaintiff, prior to the defendant's creation of the infringing design, and (b) a comparison of the plaintiff's design with that of the defendant's leads to the inescapable conclusion of substantial similarity, and therefore liability for copyright infringement.

## ARGUMENTS

## POINT I

## THE PLAINTIFF IS THE OWNER OF A VALID COPYRIGHT

A successful claim of copyright infringement requires proof that the plaintiff has a valid copyright in the work allegedly infringed, and that the defendant infringed said copyright. *Lipton v. The Nature Company*, 71 F.3d 464 (2nd Cir. 1995); *Hamil America, Inc. v. GFI*, 193 F. 3d 92 (2nd Cir. 1999). In the case at bar, the validity of the Copyright in plaintiff's design has not been questioned. Plaintiff has complied with all the requirements of the Copyright Act, Title 17 United States Code, and the Register of Copyrights has issued to plaintiff a Certificate of Copyright Registration covering the design. It is well settled that such Certificates of Registration are themselves prima facie evidence of the validity of the Copyright. 17 U.S.C. Sec. 410(c); *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090 (2d Cir. 1977); *Hamil America, Inc. v. GFI*, 193 F. 3d 92 (2nd Cir. 1999).

# POINT II

## DEFENDANT HAS INFRINGED PLAINTIFF'S COPYRIGHT

The second prong of a successful copyright action requires proof that the (1) defendant copied the plaintiff's design, and (2) that the copy is substantially similar to the plaintiff's design. *Hamil America, Inc. v. GFI,* 193 F. 3d 92 (2nd Cir. 1999).

> Since direct evidence of copying is seldom available, '[c]opying may be inferred where a plaintiff establishes that the defendant had access to the copyrighted work and that substantial similarities exist as to protectible material in the two works.' [cites omitted] In the alternative, '[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, 'copying' may be proved without a showing of access'.

*Lipton v. The Nature Company,* 71 F.3d 464, 471 (2nd Cir. 1995); *Repp & K & R Music, Inc. v. Webber,* 132 F. 3d 882 (2nd Cir. 1997) ["We have held that where there are striking similarities probative of copying, proof of access may be inferred . . ."]; *Arrow Novelty Co. v. Enco National Corp.,* 393 F. Supp. 157 (S.D.N.Y. 1975) *aff'd* 515 F. 2nd 504 (2nd Cir. 1975).

In the case at bar, the defendant had access to the plaintiff's design – indeed, the defendant had actual possession of plaintiff's design prior to the defendant's manufacture and sale of the infringing garments. As noted above and in the accompanying affidavits of Constanza Waldman and Jed Schlacter, the defendant had received a five yard sample of plaintiff's Pattern No. 22797 in June 2005. The defendant's representatives met with Mrs. Waldman on at least two occasions, and they even discussed the prices that the plaintiff offered to sell the design in issue to the defendant. Significantly the defendant thereafter produced and sold the infringing garments, apparently buying the fabric from a cheaper source than the plaintiff.

There is, therefore, no issue as to the fact that the defendant had access to – and in fact possession of – the plaintiff's design.

## SUBSTANTIAL SIMILARITY:

It has long been held that the test for substantial similarity is to be determined by the "ordinary observer". This test was first enunciated by Judge Learned Hand in the landmark case of *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960). In that decision Judge Hand stated as follows:

> The test for infringement of a copyright is of necessity vague. In the case of verbal 'works', it is well settled that although the proprietor's monopoly extends beyond an exact reproduction of the words, there can be no copyright in the 'ideas' disclosed but only in their 'expression'. Obviously, no principle can be stated as to when an imitator has gone beyond copying the 'idea', and has borrowed its 'expression'. Decision must therefore inevitably be ad hoc. In the case of designs, which are addressed to the aesthetic sensibilities of an observer, the test is, if possible, even more intangible. No one disputes that the copyright extends beyond a photographic reproduction of the design, but one cannot say how far an imitator must depart from undeviating reproduction to escape infringement. In deciding that question one must consider the uses for which the design is intended, especially the scrutiny that observers will give it as used. <u>In the case at bar, we must try to estimate how far its overall appearance will determine its aesthetic appeal when the cloth is made into a garment. Both designs have the same general color, and the arches, scrolls, rows of symbols, etc. on one resemble those on the other though they are not identical. Moreover, the patterns in which these figures are distributed to make up the design as a whole are not identical. However, the ordinary observer, unless he sets out to detect the disparities, would be disposed to overlook</u>

> them, and regard their aesthetic appeal as the same. <u>That is enough; indeed, it is all that can be said, unless protection against infringement is to be denied because of variants irrelevant to the purposes for which the design is intended.</u>
> (emphasis added)

See also *Novelty Textile Mills, Inc. v. Joan Fabrics Corp., supra,* at 1093; *Malden Mills, Inc. v. Regency Mills, Inc.,* 626 F.2d 1112 (2d Cir. 1980).

Moreover, it has long been settled that "(t)he copying need not be of every detail so long as the copy is substantially similar to the copyrighted work." . . .

> <u>The key to the 'ordinary observer' test is therefore the similarities rather than the differences.</u> Only a slavish copy would have no differences... (emphasis added)

*Novelty Textile Mills, Inc., supra* at 1093.

The test of substantial similarity has also been enunciated as "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work". *Knitwaves, Inc. v. Lollytogs Ltd.,* 71 F. 3d 996, 1002 (2d Cir. 1995); *Hamil America, Inc. v. GFI,* 193 F. 3d 92 (2nd Cir. 1999).

## THE ORDINARY OBSERVER vs. THE MORE DISCERNING ORDINARY OBSERVER:

The defendant's papers argue that the plaintiff's design is basically only composed of unprotectible geometric shapes, such as circles and squares, and therefore has a small indicia of originality, and requires this court to apply the "more discerning ordinary observer" test for substantial similarity, rather than the "ordinary observer" test. The defendant errs, however.

As detailed in the accompanying Waldman affidavit, the plaintiff's design is not merely circles and squares. This is not a case of a mere polka dot design; or a mere checkerboard design; or a design where a background was used that was in the public domain, and the background was copied exactly by the copyright holder [as in *Folio Impressions, Inc. v. Byer California*, 937 F. 2d 759 (2d Cir. 1991)]. Rather, plaintiff's design is a mixture and combination of various different shapes, including but not limited to circles, inexact squares, rectangles, etc. Moreover, the white background that goes around the perimeter of the squares and circles is a continuous, flowing white like a river or a labyrinth, in which one can continuously travel without coming to an end. The plaintiff's design does not, therefore, merely consist of basic and plain circles, or basic and plain squares, or basic and plain anything. It is, in fact, a unique design.

Indeed, the clearest evidence of the originality and uniqueness of the plaintiff's combination of elements is the fact that the defendant has not displayed or produced in discovery any designs (other than the infringing design) that remotely resemble the plaintiff's design. Furthermore, when we inspect the various designs that were marked as Exhibit 3 to the deposition of defendant's buyer Tara Einis (which designs are Exhibit 16 to the accompanying Cameron affidavits), we find further

evidence of the uniqueness of the plaintiff's design (even though uniqueness is not necessary for copyright). Thus, on the one hand, those designs (Exhibit 16) were produced in discovery by defendant as an attempt to show sources of reference material allegedly used by defendant in creating the infringing design. Yet a review of those designs shows that they have no similarity whatsoever to the plaintiff's design or to the defendant's knock-off design. And in fact, in her deposition, Ms. Einis admitted that while she produced them in discovery because she was asked to find items that may have contributed to the creation of defendant's design, nonetheless, she testified that she did not know if any of the designs in deposition Exhibit 3 (Exhibit 16 herein) were used to create defendant's infringing design! (See pages 72 through 85 of Einis deposition, annexed as Exhibit 13 to Cameron's affidavits).

And since it is undeniable that the defendant had access to the plaintiff's design – and in fact had received 5 yards of it prior to its own production of the infringing design – it is obvious that the true source for defendant's design was the plaintiff's design.

Hence, it is submitted that this is not a case where a design is comprised of "unprotectible" as well as "protectible" elements. As noted in *Hamil America, Inc. v. GFI*, 193 F. 3d 92, 102 (2nd Cir. 1999), ". . . there is no contention that either party imported unprotectible material from the public domain into its floral fabric design. We therefore need not apply the 'more discerning' ordinary observer standard." Consequently, the "more discerning ordinary observer" test is also inapplicable herein.

Nonetheless, even if a work is composed of both protectible and unprotectible elements, it may still be copyrightable and infringed by a defendant [". . . a work may be copyrightable even though it is <u>entirely</u> a compilation of unprotectible elements." *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F. 3d 996,1004 (2d Cir. 1995)].

> What is protectible then is 'the author's original contributions,' . . . the original way in which the author has 'selected, coordinated, and arranged' the elements of his or her work.

*Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F. 3d 996,1004 (2d Cir. 1995).

Further, as noted in *Boisson v. Banian, Ltd.*, 273 F. 3d 262 (2d Cir. 2001), in applying the "more discerning" ordinary observer test,

> a court is not to dissect the works at issue into separate components and compare only the copyrightable elements. *Knitwaves*, 71 F. 3d at 1003. To do so would be to take the 'more discerning' test to an extreme, which would result in almost nothing being copyrightable because original works broken down into their composite parts would usually be little more than basic unprotectible elements like letters, colors and symbols. *Id.* This outcome – affording no copyright protection to an original compilation of unprotectible elements – would be contrary to the Supreme Court's holding in *Feist Publications*.

In the instant case, regardless of which standard is used - the ordinary observer, or the more discerning ordinary observer -- the defendant's design is clearly substantially similar to the plaintiff's design, and therefore an infringement.

For example, both designs have circles that parallel each other. Both designs have black circles, that have a narrow white ring around them, and then a black ring, and then a wider white ring again. Both designs have black boxes surrounded by a white outline, surrounded again by a black outline, and then surrounded by a thicker white outline. And in both designs, this last thicker white outline is connected throughout both designs, such as a river or labyrinth where one can glide through it without ever coming to a stop. Both designs also have four circles surrounding a box, and four boxes surrounding a circle. And both designs have the black background, with oddly shaped solid black shapes.

A review of these two designs can lead to only one conclusion – the defendant could not have, and did not, create its design without having copied the plaintiff's design. Clearly, "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F. 3d 996,1002 (2d Cir. 1995).[1]

**TOTAL CONCEPT AND FEEL:**

In ultimately determining substantial similarity, the court is to examine the two works' "total concept and feel". *Hamil America, Inc. v. GFI*, 193 F. 3d 92 (2nd Cir. 1999).[2] In conducting this

---

[1] Moreover, the fact that the defendant seeks to distinguish the two designs by measuring tenths of inches between the two, is further evidence that they are substantially similar. As stated by Judge Hand: "However, the ordinary observer, unless he sets out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960)

[2] The "total concept and feel" standard is applicable whether one uses the "ordinary observer" test or the "more discerning ordinary observer" test. *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F. 3d 996 (2d Cir. 1995).

examination, the court must give "due weight to 'the uses for which the design is intended, especially the scrutiny that observers will give to it *as used*.'"

> The fabric designs at issue in *Soptra Fabrics* 'were to be used in dresses, and although small differences between the designs might be found to exist under courtroom scrutiny, those differences fade away within a few feet or absent sharp scrutiny.' *Id.* at 1094. Likewise, Hamil America Pattern No. 96 and GFI Pattern No. 330 were to be used in garments, and the slight differences between the two patterns fade away when they are viewed from a distance. Giving due weight, as we must, to the scrutiny that observers would give to the patterns *as used*, we conclude that the patterns are substantially similar.

*Id.* at 102.

Similarly, in *Just In Materials Designs, Ltd. v. Arise Textiles, Inc.*, 1980 WL 1138 (S.D.N.Y. 1980), Judge Sand examined the two designs in the manner in which they were to appear in the marketplace - on dresses, and ruled that they were substantially similar:

> This seems particularly true if we consider the context, women's dresses, in which the parties agree that both of these fabrics are likely to be used. Rather than being viewed in a hanging position as they would be if used for a curtain or drape, the fabrics will be viewed draped in one form or another around a female body. In this context, the differences pointed to by defendant, *i.e.*, the slight differences in flower design, the continuity of plaintiff's design as opposed to the noticeable break in defendant's design (noticeable at least when the fabric is spread out on a flat surface) are not likely to attract the attention of the average viewer.

And as set forth by Judge Hand in *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960):

> Moreover, the patterns in which these figures are distributed to make up the design as a whole are not identical. However, the ordinary observer, unless he sets out to

> detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same. That is enough; indeed, it is all that can be said, unless protection against infringement is to be denied because of variants irrelevant to the purposes for which the design is intended.

And as stated in *Novelty Textile Mills, Inc. v. Joan Fabrics Corp., supra*, at 1093, "(t)he copying need not be of every detail so long as the copy is substantially similar to the copyrighted work. . . . The key to the 'ordinary observer' test is therefore the similarities rather than the differences. Only a slavish copy would have no differences. . ." Thus, while there are slight differences in the plaintiff's and the defendant's designs, those differences pale in comparison to the similarities.

As set forth in *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F. 3d 996, 1004 (2d Cir. 1995):

> Given the overwhelming similarity of the sweaters' 'total concept and feel', we are not convinced by Lollytogs' lengthy recitation of differences. . . . ('it is the similarities one notices, rather than the differences, when one views the two outfits').
>     \*    \*    \*
> These differences in detail, while requiring considerable ink to describe, do little to lessen a viewer's overwhelming impression that the two Lollytogs sweaters are appropriations of the Knitwaves sweaters. . . . To the average observer – or, more specifically, to the average consumer of these sweaters – the differences pale in comparison to the overwhelming impression of similarity.

Furthermore, it makes no difference that the defendant reduced the size of its knock-off from the original size of plaintiff's design. The Copyright Office granted copyright to plaintiff's design, and that covers the design whether it is enlarged or reduced, so long as the design is the same in both sizes. As set forth in the Waldman Affidavit, the plaintiff's design in the reduced size (Exhibits 7 and 8) – the same size as the defendant's design – are identical to its design in Exhibit 3 – just smaller. Nothing was added or subtracted in reducing the size of plaintiff's design – it was merely

reduced on a copy machine. The smaller design is therefore identical to the larger design; it is not a "derivative work", and plaintiff's copyright covers the design – in each of its sizes.[3]

Indeed, if the copyright did not cover the smaller design, then we could have a situation where the defendant could knock-off plaintiff's design by making an exact copy in a smaller version; copyrighting that smaller version; and then if plaintiff chose to subsequently produce its design in the smaller version, the defendant copier would be able to sue for copyright infringement of plaintiff's own design! Such a result is clearly absurd.

It is therefore respectfully submitted that when this Court compares the two designs – and especially when it compares them on the dresses in Exhibits 8, 8-A and 8-B – there can only be one conclusion – that they are substantially similar, and that the defendant has therefore infringed plaintiff's copyright.

---

[3] In the only case found by plaintiff remotely relating to a copyright in two different sizes of a work, the Second Circuit held that where the plaintiff had received a Certificate of Copyright Registration for a 20 inch doll, and had thereafter enlarged that doll into a 48 inch doll, in such a way as to make certain significant changes to the appearance of the original 20 inch doll, the new 48 inch doll was a "derivative work" by virtue of the several aesthetic changes, and therefore required its own Certificate of Copyright Registration. The clear corollary in that case was that if the larger doll was in fact an exact duplicate of the smaller doll, then the copyright in the smaller doll would have covered the copyright in the larger doll. *Well-Made Toy Mfg. Corp. v. Goffa International Corp.*, 210 F.Supp. 2d 147 (E.D.N.Y. 2002), aff'd 354 F. 3d 112 (2d Cir. 2003). In the instant case herein, the plaintiff's larger and smaller versions of Pattern No. 22797 are identical, and therefore the Certificate of Copyright Registration covers both sizes of the design.

# POINT III

## "EVIDENCE" OF INDEPENDENT CREATION IS NOT CREDIBLE

In *Hamil America, Inc. v. GFI,* 193 F. 3d 92 (2nd Cir. 1999), the district court determined that the testimony provided by the defendants' witnesses as to independent creation was not credible. Quoting from the district court, the Second Circuit stated that "In finding willful infringement, the court relied on Wang's testimony and noted that when Wang 'sets out to knock something off, he ... tries to put in enough differences that he thinks they will get away with it.'" The Second Circuit also quoted the district court statement:

> I am offended by the attempt that your client has made to come up with a phony excuse as to how this pattern was made ...

193 F. 3d 92, at 100.

Similarly, in the case of *Kenbrooke Fabrics, Inc. v. Holland Fabrics, Inc.,* 602 F. Supp. 151 (S.D.N.Y. 1984), the court noted that at trial, the defendant's president testified that he had actually purchased the allegedly infringing design from a design studio in New York. The defendant also presented the testimony of the president of that design studio to verify the defendant's testimony. And the defendant even introduced an invoice into evidence which allegedly covered the allegedly infringing design.

The court however, did not believe the testimony of the defendant or the design studio's president. A critical factor that the court noted was the fact that the alleged artwork purchased by

the defendant was never produced, and so there was not any evidence that the alleged invoice for artwork covered the artwork at issue.

And in *Pret-A-Printee, Ltd. v. Allton Knitting Mills, Inc.*, 1982 WL 1788 (S.D.N.Y. 1983), the defendant actually came into trial with artwork allegedly purchased in Italy, and claimed that that was the source of the allegedly infringing design. However, the court noted, among other things, that the artwork bore scant resemblance to the allegedly infringing design, and that the defendant had purportedly kept the artwork for two years without producing its own fabric design, and only produced its fabric design <u>after</u> the plaintiff had marketed its copyrighted design. The court therefore ruled that there was no credible evidence of independent creation.

In the case at bar, there is no evidence whatsoever of independent creation. First, the defendant's main witness on this issue – Tara Einis – is not even a designer; she is a "merchant", a buyer ("I'm not a designer. I'm a merchant." See Einis deposition pages 19, 20, 126 in Exhibit 13 to the plaintiff's affidavits). Second, she just graduated from college in 2004, at which she took no design classes (Einis deposition pages 7,8 - Exhibit 13 to plaintiff's affidavits) and began work at the defendant immediately. Hence she has no background in fabric design. Third, at one point in her deposition testimony, Ms. Einis testified that she did not have any recollection of what she did with reference to the defendant's design at issue (page 31 of her deposition, in Exhibit 13), and thereafter, she recalled that the only thing she did was to allegedly cut out squares from paper and lay them onto the design (pages 33, 34, 54 of the Einis deposition in Exhibit 13). And fourth, notwithstanding her testimony that an assistant designer named Bethany had created several versions of the design that ultimately became the finished product, and that references were made to

"magazine tears", compilations of print designs ("We have at our disposal hundreds of prints . . ." - page 46 of deposition, in Exhibit 13) and design inspiration boards, **the defendant was unable to find any of these alleged drafts of the design or inspirational reference materials!** In fact, the only swatches of fabric produced by Ms. Einis in discovery were marked as Exhibit 3 at her deposition (Exhibit 16 to plaintiff's papers herein), and for each of the swatches, she testified that she did not know if any of them had been used to help create the infringing design! (See Einis deposition at pages 68, 70, 72, 74 through 85 in Exhibit 13).

As the court stated in *Hamil America, Inc. v. GFI*, 193 F. 3d 92 (2nd Cir. 1999): "I am offended by the attempt that your client has made to come up with a phony excuse as to how this pattern was made . . ." It is respectfully submitted that this case is even worse than the *Hamil* case.

## CONCLUSION

For all of the reasons set forth above, plaintiff respectfully requests that this Court deny the defendant's motion for summary judgment, and grant plaintiff's cross-motion for partial summary judgment, holding the defendant guilty of copyright infringement, and setting this matter down for a hearing on damages.

Dated: New York, New York
August 13, 2007

Respectfully submitted,

SCHLACTER & ASSOCIATES
Attorneys for Plaintiff

By: _____
JED R. SCHLACTER (JRS-4874)
450 Seventh Avenue
New York, New York 10123
(212) 695-2000